No. 21-20125

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

JAMES K. COLLINS, MEDICAL DOCTOR,

                          Plaintiff-Appellant,

v.

D R HORTON-TEXAS, LIMITED,

                          Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

## APPELLANT'S MOTION FOR MANDATE TO BE WITHDRAWN AND STAY OF MANDATE

Toni Sharretts Collins
LAW OFFICE OF TONI L. COLLINS
11054 North Hidden Oaks
Conroe, TX  77384
Telephone: (281) 827-7749

Iain G. Simpson
SIMPSON, P.C.
245 West 18th Street
Houston, TX 77018
(281) 936-1722

ATTORNEYS FOR APPELLANT

1

Pursuant to Rule 41(d)(2) of the Federal Rules of Appellate Procedure and Rule 41 of the Fifth Circuit Rules, Appellant James K. Collins (Collins), respectfully moves for the mandate issued today, December 7, 2022, be withdrawn and for a stay of mandate be issued in the above-captioned case pending the filing and disposition of a petition for writ of certiorari to the United States Supreme Court. This Court issued its decision on October 26, 2022 and denied the petition for rehearing and rehearing en banc on November 29, 2022. Under Rule 41(b) of the Federal Rules of Appellate Procedure, this Court's mandate will ordinarily issue on December 7, 2022, being the date this motion is filed. Collins intends to file timely a petition for writ of certiorari with the Supreme Court. See Sup. Ct. R. 13(1). Accordingly, Collins requests a 90-day stay to file his petition for a writ of certiorari, with a continuance of the stay to follow official notification that the petition has been filed. Fed. R. App. P. 41(d)(2)(A)-(B).

## ARGUMENT

This Court grants a stay of the issuance of a mandate pending application for a writ of certiorari when "the certiorari petition would present a substantial question and . . . there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A). A petitioner satisfies that standard if there is a "'reasonable probability'" of the Supreme Court granting certiorari and reversing. *NextWave Personal Commc'ns v. FCC*, No. 00-1402, 2001 U.S. App. LEXIS 19617, at *4 (D.C. Cir. Aug. 23, 2001) (quoting *Books*

*v. City of Elkhart*, 239 F.3d 826 (7th Cir. 2001)). In other words, as the Supreme Court explained in applying a similar standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). That standard is easily satisfied here.

Collins' certiorari petition will raise the threshold question concerning whether a state court can give effect to an undisputedly void federal judgment to transfer land title contrary to the United States Constitution and the Supreme Court. Fourteenth Amendment; *Pennoyer v. Neff,* 95 U.S. 714, 721 (1877). In view of this conflict and the frequency with which parties engage in transactions related to judgments rendered against a defendant in proceeding without service or appearance, this issue presents a substantial question ripe for Supreme Court review.

I. **THE COURT CONTRADICTS THE FOURTEENTH AMENDMENT AND THE SUPREME COURT AUTHORIZING THE TRANSFER OF LAND TITLE SOLEY BY A JUDGMENT UNDISPUTEDLY VOID IN THE ABSENSE OF A SCINTILLA OF PERSONAL JURISDICTION.**

### A. "A Void Judgment is a Legal Nullity"[1]

A judgment that deprives one of constitutional rights without jurisdiction over the person is not just voidable, but void. *Pennoyer v. Neff,* 95 U.S. 714, 721 (1877) (judgment rendered against a defendant in proceeding without service or appearance is void as to that defendant).[2] **And, once void, forever void.** *Id.* A judgment

---

[1] *United States Aid Funds, Inc. v. Espinosa,* 559 U.S. 260 (2020).
[2] *Ergo,* a Fourteenth Amendment due process violation

rendered in violation of the Fourteenth Amendment in the Constitution is void and cannot serve as any basis for depriving a person of their rights. *World-Wide Volkswagon Corp. v. Woodson,* 444 US. 286, 291 (1980).

The *McComb* judgment—void as to the Sieberman survey owners and their successor, Collins—could not have deprived those owners of their property interest, but the Court's holding somehow does what the judgment itself could not. Where is the sense? Either a judgment is void as to a party or it is not. Here, the *McComb* judgment unmistakably is and could not have the effect of *requiring* Collins to challenge it. A void judgment can never serve as the basis for depriving a citizen of his rights.

In an analogous case, *Cooper v. Newell.* 173 U.S. 555, 568 (1899), Cooper transferred Newell's land to himself by fraudulent deed in 1848. In 1850, Cooper instigated a "faux" suit to sue Newell, a New York resident, in Texas state court for a judgment to quiet title. Newell never received any sort of citation or process and never received actual notice of the suit. In 1890—forty years later—Newell learned of the false deed and subsequent judgment and sued in federal court arguing that his lack of knowledge and personal service rendered the 1850 judgment void. The Supreme Court agreed.

Yet, with analogous facts, the Court comes to the opposite conclusion. Here, the Court breaks with Supreme Court precedent and the Constitution[3], to hold that a constitutional right will fall by mere reference to a judgment that never should have infringed upon it, indeed, never properly could have infringed upon it. The Court failed to reach the underlying flaw and creates new "bad" law that a judgment void for lack of personal jurisdiction *can* legally deprive a person of his property in direct conflict with the Supreme Court and Constitution. In view of this conflict and the frequency with which persons obtain title through judgment obtained in the absence of due process, this issue presents a substantial question ripe for Supreme Court review.

### B. Want of Personal Jurisdiction Voids *Res Judicata*

It is well-settled law that a judgment entered without jurisdiction is a nullity and the *must* be set-aside[4] in the same court that rendered the judgment.[5] A grave

---

[3] Fourteenth Amendment provides no state can deprive a person of property without due process.
[4] *Jackson v. FIE Corp.*, 302 F.3d 515, 518 (5th Cir. 2002) ("If a complaint is to void a judgment under Fed. R. Civ. P. 60(b)(4), this district court has no discretion when a judgment is void, the judgment is either void or it is not.); *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (holding "deficient service means a court lacked personal jurisdiction over a defendant, and lack of personal jurisdiction is an independent basis for voiding a judgment"); *Norris v. Causey*, 869 F.3d 360, 368 (5th Cir. 2017) (holding "[a] district court *must* set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process").
[5] *Franklin v. Laughlin*, 2011 U.S. Dist. LEXIS 6060, *7-8 (5th Cir. Jan. 13, 2011) (holding "…[r]elief under **Rule 60(b) is sought** in the court that rendered the judgment at issue); *Bankers Morg. Co. v. United States,* 423 F.2d 73, 78 (5th Cir. 1970) (holding a **Rule 60 "motion for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered"**).

5

miscarriage of justice may demand an exception: a departure from the rigid adherence to *res judicata*. *United States v. Beggerly,* 524 U.S. 38, 46-47 (1998). This exception should apply here because the Court endorsed that a judgment, void for lack of personal jurisdicion, transferred land title. This defect alone presents a substantial question ripe for Supreme Court review because of the overriding importance of the Fourteenth Amendment's protection of a person's due process rights.

    i.    *Res judicata* **gives way in instances of manifest injustice**

Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of "injustices which… are deemed sufficiently gross to demand a departure" from rigid adherence to *res judicata*. *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co.*, 322 U.S. 238, 244-45 (1944); *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) (holding "*res judicata* must at times yield to a well-pled independent action in equity.")

*Beggerly,* 524 U.S. at 47, cites *Marshall* v. *Holmes*, 141 U.S. 589 (1891), for an example of such a grave miscarriage of justice. In *Marshall*, the Supreme Court reasoned that judgments in question would not have been rendered against Mrs. Marshall but for the use in evidence of a letter alleged to be forged, so *res judicata* should not be applied to bar her claim. *Id.*, at 596.

6

Likewise, in the instant case, the *McComb* judgment would not have been rendered but for Horton's ancestors-in-title use in evidence of a fraudulent Hodge Survey. Had Collins' ancestors-in-title been properly joined and served they would have easily defended their title with the certified GLO patents and title from the sovereign. The case is one where, without negligence, laches or other fault upon the part of Collins, void judgment was fraudulently rendered that Horton seeks, against conscience, to enforce.

### ii.     The Restatement of Judgments supports this tenet

A lack of personal jurisdiction is an exception to *res judicata* because the preservation of a person's constitutional rights are paramount to justice. RESTAT 2D OF JUDGMENTS, §20(1)(a). Moreover, a person who is not a party to an action is not bound by the rules of *res judicata*. *Id.*, §34(3).

Collins is not bound by *res judicata* because federal court had no personal jurisdiction over Collins' ancestors-in-title, who were undisputedly not parties to the *McComb* litigation, and preservation of Collins' constitutional rights are paramount to justice. The erred by dismissing Collins' claims by *res judicata*. This defect alone presents a substantial question ripe for Supreme Court review because of the overriding importance of the Fourteenth Amendment's protection of a person's due process rights.

## II. GOOD CAUSE EXISTS TO STAY THE MANDATE.

There is "good cause" to stay the Court's mandate. Fed. R. App. P. 41(d)(2)(A). Good cause is established based on the "equities in the case." Knibb, *Federal Court of Appeals Manual* § 34:13, at 924 (6th ed. 2013). The equities here support maintaining the status quo for the few months necessary for the Supreme Court to decide Collins' certiorari petition. Absent a stay of the mandate, Horton will no doubt seek to sell the land to innocent buyers without disclosing the title defect based on a claim of ownership Horton admits was derived solely from the federal judgment that is void for want of personal jurisdiction, and over which the district court did not have had jurisdiction in the first place. Considering that Horton will sell the land to innocent third parties without notice, Collins may never be able to recover his land even if the Supreme Court accepts this case for review and ultimately reverses. What is more, this Court actually set for oral argument but then cancelled such argument without explanation depriving Collins and his predecessor's in title from EVER having a day in court to defend the title to which Collins has undeniable proof from the sovereign thereof. Proceedings against innocent third parties by Collins to prove his title would be a waste of judicial resources if the Supreme Court reversed the judgment. A short delay is necessary to preserve the status quo pending Supreme Court review.

## CONCLUSION

The Court erred in affirming the district court and depriving an owner of his property without due process and without first hearing the full extent of that owner's argument. Instead, the Court relied upon a purportedly independent ground that was not independent, at all, instead springing from the same tainted and constitutionally dubious void judgment that hobbles the judgment itself. Collins respectfully requests that the Court grant this his motion to withdraw and then stay of the mandate pending the filing of a petition for a writ of certiorari.

December 7, 2022.

        Respectfully Submitted,

        <u>s/ Toni Sharretts Collins</u>
        Toni Sharretts Collins
        Law Office of Toni L. Collins
        11054 North Hidden Oaks
        Conroe, TX  77384
        Telephone: (281) 827-7749

        Iain Simpson
        Simpson, P.C.
        245 West 18th Street
        Houston, Texas 77008
        Telephone: (281) 936-1722
        *Counsel for Plaintiff-Appellant*
        *James K. Collins*

## **CONFERENCE WITH OPPOSING COUNSEL**

Opposing counsel advised they oppose this motion.

        <u>s/ Toni Sharretts Collins</u>

# CERTIFICATE OF SERVICE

I hereby certify that on this day of December 7, 2022, I electronically filed with the Clerk's Office of the United States Court of Appeals for the Fifth Circuit this Appellant's Motion to Withdraw, then Stay the Mandate, and further certify that opposing counsel will be notified of, and receive, this filing through the Notice of Docket Activity generated by this electronic filing to:

Ben A. Baring, Jr.
R. Travis Piper
Paul J. McConnell, III
DELANGE, HUDSPETH, MCCONNELL & TIBBETTS, L.L.P.
1177 West Loop South, Suite 1700
Houston, Texas 77027
*Counsel for Defendant-Appellee*

                                                   s/ *Toni Sharretts Collins*
                                                   Toni Sharretts Collins
                                                   Law Office of Toni L. Collins
                                                   11054 North Hidden Oaks
                                                   Conroe, TX  77384
                                                   Telephone: (281) 827-7749

                                                   Iain Simpson
                                                   Simpson, P.C.
                                                   245 West 18th Street
                                                   Houston, Texas 77008
                                                   Telephone: (281) 936-1722
                                                   *Counsel for Plaintiff-Appellant*
                                                   *James K. Collins*